ORIGINAL

CAL J. POTTER, III, ESQ.
Nevada Bar No. 001988
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102
(702) 385-1954

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*

ANN CHRZANOWSKI,

    Plaintiff,

vs.

JUDGE GEORGE ASSAD, CITY OF LAS VEGAS, a Political Subdivision of the State of Nevada; Marshall R. SAAVEDRA, JOHN DOES, I-X, each individually and in their official capacities,

    Defendants.

CV-S-05-0418-RLH-PAL

**COMPLAINT,**
(JURY DEMANDED)

## INTRODUCTION

1. This is an action for money damages brought pursuant to 42 U.S.C. 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and for pendant state tort claims against the defendants and each of them. For the violation of the Plaintiff's constitutional and common law rights, Plaintiff alleges that said action was illegal and without proper authority of law in that she was falsely arrested, used excessive force by handcuffing the Plaintiff, committed a battery in the course of apprehending, detaining and

1  arresting the plaintiff, unlawfully violating the Plaintiff's right to privacy and thereafter denied

2  the Plaintiff the rights to an attorney and other constitutional guarantees in an effort to force

3  a third party to come to court even though he was not required to do so.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. sec.. 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. This action is brought to seek redress against the Defendants and Does for acts violating Plaintiffs constitutional rights and committed while acting under color of laws of the state of Nevada and the policies, practices and procedures of the City of Las Vegas, a political subdivision of the State of Nevada, pursuant to the Nevada Revised Statutes.

## PARTIES

4. Plaintiff is a resident of the State of Florida..

5. Defendant, Judge George Assad is a Judge in the Municipal Court of the City of Las Vegas, Nevada, he is sued individually and in his official capacity.

6. Defendant City of Las Vegas (City) is a political subdivision of the State of Nevada and owns, operates, manages, directs and controls the City of Las Vegas, Marshall services and employed the defendant officer, Marshall R. Saavedra. City is considered a person pursuant to Monell v. Dept. Social Sciences, 436 U.S. 658, 691 (1978).

7. Defendant, R. Saavedra is an officer employed by Defendant City of Las Vegas, at all times relevant to the complained events. He is sued individually and in his official capacities as a peace officer employed by the defendant, City of Las Vegas..

8. Doe officers are unknown officers of the City who were involved in the investigation of the incident and who failed to take any actions to discipline or supervise the

POTTER
LAW OFFICE
1125 Shadow Lane
Las Vegas, Nevada 89102
(702) 385-1954 • Fax (702) 385-9081

2

said officer for the unlawful conduct. Plaintiff will ask leave to of the Court to amend the complaint to add Does I-XX.

9. At all times relevant hereto, and in all their actions described herein. Defendant Officer R. Saavedra and Doe officers were acting under the color of law in their authority as police officers at Metro and are hereinafter referred to herein as Officers.

## STATEMENT OF RELEVANT FACTS

10. On or about March 28, 2003, the Plaintiff, Ann Chrzanowski was the single mother of three children residing in the State of Nevada. At said time she heard her boyfriend, Josh Madera called the municipal court in reference to a traffic citation. She heard Mr. Madera ask someone named Debbie, a customer care representative for the City of Las Vegas Municipal Court what he needed to do on or before March 31, 2003 to get a continuance for his court date concerning a traffic citation. The plaintiff heard Mr. Madera, say, "You do not have to talk to me like a child. I'm not your kid." I then heard him ask for the person's name and extension and the name and extension of her supervisor.

11. Thereafter the plaintiff called the City's Municipal Court and was advised that she could appear in court for her boyfriend as long as the case was not in warrant, or words to that affect. The Plaintiff advised the Court representative that her boyfriend was starting a new job.

12. On or about March 31, 2003, at approximately, 10:30 a.m. the plaintiff, arrived at the Las Vegas Municipal Court and was told that she would have to return at the 3:30 p.m. session. The plaintiff returned to the said court later that afternoon and was told that she would have to appear before the Judge, George Assad. When the Plaintiff appeared before Judge George Assad, the said Judge informed the plaintiff that Mr. Madera would have to appear in Court because Judge George Assad alleged that Mr. Madera had threatened a customer care

representative with bodily harm. The Plaintiff informed the Judge that she had been present during the conversation and that she did not hear any threats, but that she heard Mr. Madera asking for the person and her supervisor's name and their respective extensions.

13. In response Judge George Assad then told the Plaintiff that she would be held in custody until Mr. Madera came to Court. The Plaintiff had no case pending before the Court, and had not engaged in any conduct to warrant the Court or its personnel to take any action against the Plaintiff. The Plaintiff was then taken into custody by Defendant R.Saavedra who took the Plaintiff into the back of the Court and told the Plaintiff to call Mr. Madera. The Plaintiff told Mr. Madera what the Court had said and he asked to speak to the Defendant Marshall, Officer Saavedra. The Plaintiff overheard the Marshall say to Mr. Madera, "I don't know. I'm just following orders. All I know is that you have to get your butt down here to court." The Defendant then hung up and told the Plaintiff to put her hands behind her. The Plaintiff who had not done anything wrong was then handcuffed and placed into a holding cell.

14. That at approximately, 4:15 the Plaintiff requested to call Mr. Madera again. This request was denied. At approximately, 4:45 the Plaintiff requested to call her work to inform them that she was going to be late for work. This request was denied. At 5:45 the Plaintiff was released to call her job. The Plaintiff was then released and as she was leaving she saw Mr. Madera who informed her that the Judge had given him a continuance on the two traffic citations.

15. As a direct and proximate cause of the said acts of the defendants, the plaintiff suffered the following injuries and damages.

   a. Violation of her constitutional rights under the Fourth and Fourteenth amendments to the United States Constitution to be free from an unreasonable search and seizure of her

4

person;

    b. Loss of her physical liberty and her right to seek redress against the government;

    c. Violation of her right to be free from being falsely arrested and falsely imprisoned

    d. Physical pain and suffering and emotional distress and suffering, requiring the expenditures of money and treatment and the resulting loss of income.

13. The actions of the defendants violated the following clearly established and well settled federal constitutional rights of the plaintiff:

    a. Freedom from the unreasonable seizure of her person;

    b. Freedom from the use of excessive, unreasonable and unjustified force against her person.

    c.. Freedom from the denial of her right to seek redress against the government for the government's actions.

## FIRST CAUSE OF ACTION

## CONSPIRACY

14. Paragraphs 1-13, inclusive, are incorporated by reference.

15. At all times material and relevant herein, the Defendants and each of them were acting in their official capacities.

16. That during the period of time in question, beginning on March 28, 2003 and thereafter the defendants and other employees of the City of Las Vegas combined, conspired, confederated and agreed together and with each other to knowingly and willfully engage in the following acts, among others, to cause harm to the plaintiff.

    a. To violate plaintiff's civil rights pursuant to 42 USC 1983;

    b. To falsely arrest plaintiff;

5

c. To falsely imprison plaintiff;

d. To unlawfully search and seize plaintiff's person ;

e. To use excessive force on the plaintiff by handcuffing the plaintiff and holding her in a detention cell against her will to enforce administrative rules of proper decorum for the acts of a third party that the Plaintiff has no control and to hold the plaintiff a captive so that a third party was forced to appear in Court and insure the Plaintiff's release.

f. To deny the Plaintiff to the right of counsel.

g. To batter the plaintiff;

h. To cause infliction of emotional distress;

i. To deny plaintiff her right to seek redress against the government for their actions.

17. As a direct and proximate cause of the defendants and each of them, the plaintiff suffered damages, including physical and mental pain and suffering, emotional distress and was deprived of his constitutional rights, all to his damage in an amount in excess of ten thousand ($10,000.00) dollars.

## SECOND CAUSE OF ACTION

## 42 U.S.C. 1983 AGAINST INDIVIDUAL DEFENDANTS

18. Paragraphs 1-17, inclusive, are incorporated by reference.

19. Plaintiff seeks and claims damages for the injuries set forth above under 42 U.S.C. 1983 against the defendant Judge ASSAD and Officer SAAVEDRA for the said violation of her constitutional rights under the color of law all to her damage as aforesaid.

## THIRD CAUSE OF ACTION

## 42 U.S.C. 1983 AGAINST CITY OF LAS VEGAS

20. Paragraphs 1-19, inclusive, are incorporated by reference.

21. Prior to March 28, 2003, the City of Las Vegas developed and maintained policies, practices and/or procedures and/or customs exhibiting deliberated indifference to the constitutional rights of persons in Las Vegas, Nevada, which caused the violation of the plaintiff's rights.

22. It was the policy, practice, procedure and/or custom of the City of Las Vegas to inadequately and improperly investigate citizen complaints of marshall misconduct, and acts of brutality and acts were instead tolerated by the City of Las Vegas.

23. It was the said policy, practice, procedure and/or custom of Las Vegas to inadequately supervise and train its court officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers. Las Vegas did not require appropriate in-service training and re-training of officers who had engaged in marshall misconduct.

24. As a result of the above described policies, practices, procedures and/or customs officers and specifically the defendant officers, believed that their actions would not be properly monitor, investigated and/or supervised and that misconduct would not be investigated or sanctioned, but would be tolerated.

25. The said action and inaction demonstrated a deliberate indifference on the part of policymakers of City of Las Vegas, to the constitutional rights of persons within the City of Las Vegas and were the cause of the violations of plaintiff's rights alleged herein.

## FOURTH CAUSE OF ACTON

## STATE PENDANT

## TORT CLAIMS

26. Paragraphs 1-25, inclusive, are incorporated by reference.

7

27. The acts described above constitute assault, battery, false imprisonment, false arrest, civil extortion, and negligent hiring and supervision all which are state tort claims all to the plaintiffs damage as aforesaid.

WHEREFORE, the plaintiff requests that this Court:

1. Award compensatory and special damages to the plaintiff against the defendants jointly and severally in an amount in excess of ten thousand dollars;

2. Award punitive damages against the individual defendants;

3. Award costs and prejudgment interest to the plaintiff.

4. Award attorney fees pursuant to 42 U.S.C. 1988.

5. Award such other and further relief as this Court may deem appropriate.

DATED this 25th day of March, 2005.

POTTER LAW OFFICES

By_____
CAL J. POTTER, III, ESQ.
Nevada Bar No. 001988
1125 Shadow Lane
Las Vegas, NV 89102
Attorneys for Plaintiff