ORIGINAL

FILED
RECEIVED ON
2005 AUG 23 P 3:56
U.S. DISTRICT COURT
DISTRICT OF NEVADA
MJ DEPUTY

BRADFORD R. JERBIC
City Attorney
Nevada Bar No. 1056
By: PHILIP R. BYRNES
Deputy City Attorney
Nevada Bar No. 0166
400 East Stewart Avenue
Ninth Floor
Las Vegas, Nevada 89101
(702) 229-6201
Attorneys for Defendant
CITY OF LAS VEGAS

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANN CHRZANOWSKI,<br>Plaintiff,<br>vs.<br>JUDGE GEORGE ASSAD, CITY OF LAS VEGAS, a political subdivision of the state of Nevada; MARSHALL R. SAAVEDRA, John Does, I-X, each individually and in their official capacities,<br>Defendants. | **CASE NO.** CV-S-05-0418-RLH-PAL<br>**DEFENDANT CITY OF LAS VEGAS' MOTION TO DISMISS** |

Pursuant to Fed.R.Civ.P. 12(b)(6), Defendant CITY OF LAS VEGAS moves this Court for an Order dismissing Plaintiff's Complaint on the grounds that Plaintiff has failed to state a claim upon which relief may be granted.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .



11

This Motion is based upon the pleadings and papers on file herein and the following points and authorities.

DATED this 23RD day of August, 2005.

BRADFORD R. JERBIC
City Attorney

By
PHILIP R. BYRNES
Deputy City Attorney
Nevada Bar No. 0166
400 E. Stewart Avenue 9th Floor
Las Vegas, Nevada 89101
Attorneys for Defendant CITY OF LAS VEGAS

**POINTS AND AUTHORITIES**

**I.**

**PRELIMINARY STATEMENT**

Plaintiff filed this action under 42 U.S.C. § 1983 over her detention in the Las Vegas Municipal Court. Her claims against the CITY itself are based solely on an alleged failure to investigate complaints against Court Marshalls and failure to supervise and train Court Marshalls. Plaintiff's Complaint alleges, however, that the Court Marshall was acting at the direction of a Municipal Judge. Under these circumstances, any failure to investigate complaints or train Court Marshalls cannot constitute a constitutional violation.

According to the allegations of her Complaint, Plaintiff appeared in the Las Vegas Municipal Court to request a continuance for her boyfriend. Complaint ¶ 11. The pleading describes her interaction with the judge:

> On or about March 31, 2003, at approximately, 10:30 a.m. the plaintiff, arrived at the Las Vegas Municipal Court and was told that she would have to return at the 3:30 p.m. session. The plaintiff returned to the said court later that afternoon and was told that she would have to appear before Judge, George Assad. When the Plaintiff appeared before Judge George Assad, the said Judge informed the plaintiff that Mr. Madera would have to appear in Court because Judge George Assad alleged that Mr. Madera had threatened a customer care representative with bodily harm. The Plaintiff informed the Judge that she had been present during the conversation and that she did not hear any threats, but that she heard Mr. Madera asking for the person and her supervisor's name and

> their respective extensions.

*Id.* at ¶ 12. Plaintiff alleges she was detained at the instruction of the presiding judge:

> In response Judge George Assad then told the Plaintiff that she would be held in custody until Mr. Madera came to Court. The Plaintiff had no case pending before the Court, and had not engaged in any conduct to warrant the Court or its personnel to take any action against the Plaintiff. The Plaintiff was then taken into custody by Defendant R. Saavedra who took the Plaintiff into the back of the Court and told the Plaintiff to call Mr. Madera. The Plaintiff told Mr. Madera what the Court had said and he asked to speak to the Defendant Marshall, Officer Saavedra. The Plaintiff overheard the Marshall say to Mr. Madera, "I don't know. I'm just following orders. All I know is that you have to get your butt down here to court." The Defendant then hung up and told the Plaintiff to put her hands behind her. The Plaintiff who had not done anything wrong was then handcuffed and placed into a holding cell.

*Id.* at ¶ 13.

Plaintiff alleges that the Court Marshall acted at the direction of the presiding Municipal Judge. A bailiff is obligated to follow the orders and directions of the presiding judge. Under these circumstances, any failure to investigate, train or supervise the bailiff cannot amount to a constitutional violation.

## II.

## THE STANDARD OF REVIEW

In *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 248 (9th Cir. 1997), the Ninth Circuit described the standard for reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6) as follows:

> A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a ruling on a question of law subject to de novo review. Stone v. Travelers Corp., 58 F.3d 434, 436-37 (9th Cir.1995). The reviewing court considers only the contents of the complaint and construes all allegations of material fact in the light most favorable to the nonmoving party. Smith v. Jackson, 84 F.3d 1213, 1217 (9th Cir.1996); Allarcom Pay Television, Ltd. v. General Instrument Corp., 69 F.3d 381, 385 (9th Cir.1995). A complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); Parks Sch. of Business, Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir.1995).

. . . .

## III.

## THE CITY OF LAS VEGAS IS NOT REQUIRED TO TRAIN COURT MARSHALLS TO DISREGARD THE INSTRUCTIONS OF MUNICIPAL JUDGES

Plaintiff alleges that the Court Marshall in this matter acted at the direction of a Municipal Judge. In claiming that the CITY failed to investigate, train or supervise the Marshall, Plaintiff is arguing that the CITY should encourage Court Marshall's to substitute their judgment for that of the presiding judge and ignore judicial orders. A court officer is required to follow the orders of the presiding judge and such obedience is necessary for the efficient administration of justice. The CITY is not constitutionally required to instruct Marshalls to ignore their basic duty.

The CITY may not be held liable, under 42 U.S.C. § 1983, under a respondeat superior theory. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 692 (1978). In *City of Canton v. Harris*, 489 U.S. 378, 388-9(1989), the Supreme Court described the limited circumstances in which failure to train employees amounts to a constitutional deprivation:

> **We hold today that the inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact.** This rule is most consistent with our admonition in Monell, 436 U.S., at 694, 98 S.Ct., at 2037, and Polk County v. Dodson, 454 U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981), that a municipality can be liable under § 1983 only where its policies are the "moving force [behind] the constitutional violation." **Only where a municipality's failure to train its employees in a relevant respect evidences a "deliberate indifference" to the rights of its inhabitants can such a shortcoming be properly thought of as a city "policy or custom" that is actionable under § 1983.** As Justice BRENNAN's opinion in Pembaur v. Cincinnati, 475 U.S. 469, 483-484, 106 S.Ct. 1292, 1300-1301, 89 L.Ed.2d 452 (1986) (plurality) put it: "[M]unicipal liability under § 1983 attaches where-and only where-a deliberate choice to follow a course of action is made from among various alternatives" by city policymakers. See also Oklahoma City v. Tuttle, 471 U.S., at 823, 105 S.Ct., at 2436 (opinion of REHNQUIST, J.). **Only where a failure to train reflects a "deliberate" or "conscious" choice by a municipality-a "policy" as defined by our prior cases-can a city be liable for such a failure under § 1983.**

(Emphasis added.)

A municipality is not subject to liability unless its policy directly causes a constitutional violation. In *Board of Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997), the

Las Vegas City Attorney
400 E. Stewart Ave., 9th Floor
Las Vegas, Nevada 89101

Supreme Court stated:

> As our § 1983 municipal liability jurisprudence illustrates, however, it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, **a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights**.

(Emphasis added.)

In this case, Plaintiff presumably argues that the CITY should have trained its Marshalls to ignore judicial instructions if they disagreed with the action of the Judge. This theory ignores the basic obligation of any bailiff or Court Marshall. In *Coverdell v. Department of Social and Health Services, State of Wash.*, 834 F.2d 758, 765 (9th Cir. 1987), the Ninth Circuit stated:

> The rationale for immunizing persons who execute court orders is apparent. Such persons are themselves "integral parts of the judicial process." Briscoe v. LaHue, 460 U.S. 325, 335, 103 S.Ct. 1108, 1116, 75 L.Ed.2d 96 (1983). **The fearless and unhesitating execution of court orders is essential if the court's authority and ability to function are to remain uncompromised.**

(Emphasis added.) Similarly, in *Martin v. Hendren*, 127 F.3d 720, 722 (8th. Cir. 1997), the Eighth Circuit stated:

> but Hendren was carrying out a judicial command in the judge's courtroom and presence. Because judges frequently encounter disruptive individuals in their courtrooms, exposing bailiffs and other court security officers to potential liability for acting on a judge's courtroom orders could breed a dangerous, even fatal, hesitation. **"For the criminal justice system to function, ... courts must be able to assume their orders will be enforced."**

(Emphasis added.)

While *Coverdell* and *Martin* concern quasi-judicial immunity for individuals executing court orders, their rationale also insulates the City in this matter. The cases illustrate the basic obligation of court officers to carry out judicial instruction. The CITY may not be held liable for not training officers to ignore this basic obligation.

. . . .

. . . .

. . . .

Las Vegas City Attorney
400 E. Stewart Ave., 9th Floor
Las Vegas, Nevada 89101

IV.

**THE CITY IS NOT VICARIOUSLY LIABLE FOR THE IMMUNIZED ACTS OF THE INDIVIDUAL DEFENDANT**

The individual defendants, Judge Assad and Marshall Saavedra, have filed motions to dismiss on the basis of absolute immunity. If these motions are granted, the state law claims against the CITY must be dismissed.

While the CITY may be held liable under a respondeat superior theory on Plaintiff's state law claims, its liability would be vicarious. *See National Convenience Stores v. Fantuzzi*, 94 Nev. 655, 657, 584 P.2d 689, 691 (1978). If the individual defendants are absolutely immune, the CITY cannot be vicarious liable for their actions.

V.

**CONCLUSION**

The CITY may not be held liable for failing to train Court Marshalls to ignore their basic obligation to carry out judicial orders. The CITY should be dismissed from this action.

DATED this 23rd day of August, 2005.

BRADFORD R. JERBIC
City Attorney

By ______________________
PHILIP R. BYRNES
Deputy City Attorney
Nevada Bar No. 0166
400 E. Stewart Avenue 9th Floor
Las Vegas, Nevada 89101
Attorneys for Defendant CITY OF LAS VEGAS

**CERTIFICATE OF MAILING**

I hereby certify that on this 23rd day of August, 2005, I placed in the United States Mail at Las Vegas, Nevada, postage prepaid, a copy of the above and foregoing Defendant City of Las Vegas' Motion to Set Aside Default, addressed as follows:

Cal J. Potter, III, Esq.
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, NV 89102
Attorney for Plaintiff

Thomas D. Dillard, Jr., Esq.
RAWLINGS, OLSON, CANNON & DESRUISSEAUX
9950 W. Cheyenne Ave.
Las Vegas, NV 89129
Attorneys for Defendant Judge George Assad

Thomas D. Beatty, Esq.
LAW OFFICES OF THOMAS D. BEATTY
601 Bridger Ave.
Las Vegas, NV 89101
Attorneys for Defendant Marshall R. Saavedra

Kelli Benson
An Employee of the City of Las Vegas

F:\Depot\FILELOGS\LIT\CHRZANOWSKI\Pleadings\mtn.dismiss.wpd

Las Vegas City Attorney
400 E. Stewart Ave., 9th Floor
Las Vegas, Nevada 89101