~ ORIGINAL



1  CAL J. POTTER, III, ESQ.
   Nevada Bar No. 1988
2  JOHN C. FUNK, ESQ.
   Nevada Bar No. 9255
3  POTTER LAW OFFICES
4  1125 Shadow Lane
   Las Vegas, Nevada 89102
5  Telephone: (702) 385-1954

6
   Attorneys for Plaintiff
7

8

9                    UNITED STATES DISTRICT COURT

10                         DISTRICT OF NEVADA

11                              * * *

12

13 ANN CHRZANOWSKI,
                                          CV-S-05-0418
14        Plaintiff,                  CASE NO.: CV-S-04-0318-RLH-PAL

15
   vs.                                PLAINTIFF'S OPPOSITION TO
16                                    DEFENDANT CITY OF LAS
                                      VEGAS' MOTION TO DISMISS
17 JUDGE GEORGE ASSAD, CITY OF
   LAS VEGAS, a political subdivision of
18 the State of Nevada; MARSHAL R.
   SAAVEDRA; JOHN DOES I-X, each
19 individually and in their official capacities,

20      Defendants.
                                      /
21

22
          COMES NOW, the Plaintiff, ANN CHRZANOWSKI. by and through her counsel, CAL
23
24 J. POTTER, III, ESQ., and hereby opposes Defendant CITY OF LAS VEGAS' Motion to

25 Dismiss.

26
          This opposition is made and based upon the following memorandum of points and
27
28 authorities below, the pleadings and papers on file herein, the affidavit of Ann Chrzanowski and

17

any oral argument that the Court allows in this matter.

DATED this 26 day of September, 2005.

POTTER LAW OFFICES

By /s/
CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
1125 Shadow Lane
Las Vegas, Nevada 89102
Attorneys for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

The Plaintiff has previously filed her opposition to City Marshal Raul Saavedra's motion to dismiss. The City of Las Vegas is the employer of the Defendant Marshall and therefore the Plaintiff relies upon the arguments set forth in the said opposition.

Most importantly, the City's motion is based upon an unknown premise, i.e., "What is the Judge's position on Defendant Saavedra's conduct?" At least at one point in time the Judge has asserted that he never intended the Plaintiff to be handcuffed and placed in a cell and that this aspect of the case was done outside the presence of Judge Assad.

It is premature to dismiss any action when discovery has not been conducted to determine the factual allegations because the Court is required to accept the Plaintiff's rendition of facts as true.

\ \ \

## II.

## ARGUMENT

In City of Canton v. Harris, 489 U.S. 378 (1989), the Supreme Court ruled that a municipality may be held liable in certain circumstances for constitutional violations caused by its failure to train employees.

Inadequacy of training may serve as a basis for §1983 liability where the failure to train amounts to "deliberate indifference" to the constitutional rights of persons with whom the police may come into contact. In the Canton, Court's analysis, the issue of the degree of fault is fundamentally related to the policy requirement set forth in Monell v. New York City Dept. of Social Services, 436 U.S. 658, 692 (1978).

The Canton, Court held that liability may be imposed where "in light of the duties assigned to specific officers or employees the need for more training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably" be said to have known of a violation.

The Ninth Circuit has likewise held that in Chew v. Gates, 27 F.3d 1432, 1444 (9th Cir. 1994) that the City may be liable when its policy is the moving force behind the constitutional violation. In this matter, the Plaintiff will demonstrate the City's policy to allow its Marshals to retaliate against "adversaries" of the department.

In Gillette v. Delmore, 979 F.2d 1342 (9th Cir. 1992) the Court likewise held that on municipal policy by proving:

1. That the City employee committed a constitutional violation pursuant to a formal governmental policy or a longstanding custom or practice which constitutes the standard operating procedure of the local government entity;

2. That the constitutional tort was committed by an official with final policy-making

        authority and that the action constitutes and act of official governmental policy; or

3.    That an official with final policy-making authority ratified a subordinate's unconstitutional decision or action.

In this instance, the City has embraced the marshal's actions as "business as usual."

In the case at hand the City would not be arguing judicial immunity if the Judge has told the marshal to take Ms. Chrzanowski and shoot her. Similarly, assault and battery is not a protected act. See, Archie v. Lanier, 95 F.3d 438 (6th Cir. 1996) (sexually assaulting a person is not a judicial act.)

Likewise, the Court has held in In re Foust, 310 F.3d 849, 855 (5th Cir. 2002) that law enforcement officers have absolute immunity for enforcing the terms of a lawful court order, but only qualified immunity for the manner in which they choose to enforce it. See also, Martin v. Board of County of Pueblo, 909 F.2d 402, 405 (10th Cir. 1990) (peace officers are not absolutely immune from liability for the manner in which they carry out otherwise proper court orders.)

In the case at hand Ms. Chrzanowski was not disruptive or unruly. She was not a party to the case. She was taken into custody for the actions of another.

## MS. CHRZANOWSKI'S STATE LAW CLAIMS ARE VALID

**1.   Defendants Are Not Immune From Liability And The City Is Liable Pursuant To Respondeat Superior For The Marshal's Acts.**

Officers have no "discretion" to violate the constitutional rights of citizens. See, Owen v. City of Independence, MO., 445 U.S. 622, 100 S. Ct. 1398 (1980).

Nevada Revised Statutes (NRS) 41.032 provides immunity to officers and municipalities when a suit is:

> Based upon an act or omission of an officer . . . **exercising due care**, in the execution of statute or regulation, . . . if the statute or regulation has not been declared invalid by a court of competent

> jurisdiction; or Based upon exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the state or any of its . . . political subdivisions or of any officer . . ., whether or not the discretion involved is abused.

The Nevada Supreme Court has held that NRS 41.032 does not provide discretionary immunity from liability in all cases of personal injury. Williams v. City of North Las Vegas, 91 Nev. 622, 541 P.2d 652 (1975). Statutorily provided for governmental immunity does not protect a municipality or officer with regard to their duty to exercise ordinary care in fulfilling those duties. See, Id. Likewise, Defendants had a duty not to violate Ms. Chrzanowski's constitutional rights, yet did so anyway. Therefore, immunity is not afforded to them. Moreover, the statute exempting municipalities and officers from liability for acts of discretion would not exempt the municipality or officer from liability if due care had not been used. See, Harrigan v. City of Reno, 86 Nev. 678, 475 P.2d 94 (1970).

Even if NRS 41.032 provides immunity for actions taken pursuant to an abuse of discretion, ir does not provide immunity for actions taken in "bad faith." Falline v. GNLV Corp., 107 Nev. 1004, 823 P.2d 988 (1991), *citing* Crosby v. SAIF, 73 Or. App. 372, 699 P.2d 198 (1985).

In Pittman v. Lower Court Counseling, 110 Nev. 359, 871 P.2d 953 (Nev. 1994)(overruled on other grounds), the Nevada Supreme Court reasoned that NRS 41.032 provides immunity for officials acting in a discretionary manner. In Travelers Hotel v. City of Reno, 103 Nev. 343, 741 P.2d 1353 (1987), a discretionary act was defined as that "which requires the exercise of personal deliberation, decision and judgment." In contrast, a ministerial act is an act performed by an individual in a prescribed legal manner in accordance with the law, without regard to, or the exercise of, the judgment of the individual. Pittman, 110 Nev. at 364,

*citing* Trout v. Bennett, 252 Mont. 416, 830 P.2d 81 (1992).

The Pittman Court held that Pittman must show that the acts causing him injury were not discretionary acts which triggered immunity, but rather ministerial acts for which there is no immunity. In addition, the Pittman Court opined that when the Court has imposed a duty upon officials, that duty becomes ministerial and no immunity is provided by NRS 41.032. Pittman at 364, *citing* Huebner v. State, 107 Nev. 328, 810 P.2d 1209 (1991). The Nevada Supreme Court has imposed a duty upon government officers to not violate individuals constitutional rights. See, State v. Lisenbee, 13 P.3d 947 (Nev. 2000). As demonstrated above, the rights violated in this case were clearly established. Ms. Chrzanowski is not barred from recovering for damages of injuries she suffered as a consequence of Defendants' unconstitutional actions.

## IV.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully requests this Honorable Court deny the Defendant's Motion to Dismiss.

DATED this 26 day of September, 2005.

POTTER LAW OFFICES

By_____
CAL J. POTTER, III, ESQ.
Nevada Bar No. 1988
JOHN C. FUNK, ESQ.
Nevada Bar No. 9255
1125 Shadow Lane
Las Vegas, Nevada 89102
Attorneys for Plaintiff

## CERTIFICATE OF MAILING

Pursuant to FRCP 5(b), I certify that I am an employee of POTTER LAW OFFICES, and that, on this date, I deposited for mailing at Las Vegas, Nevada, a true copy of PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS addressed to:

PHILIP R. BYRNES, ESQ.
400 E. Stewart Avenue
Ninth Floor
Las Vegas, Nevada  89101

DATED this 26th day of September, 2005.

