1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

10    ANN CHRZANOWSKI,           )      Case No.: CV-S-05-0418-RLH (PAL)

                                  )

11            Plaintiff,         )           **O R D E R**

                                  )

12         vs.               )       (Motion to Dismiss–#5

                                  )    Motion to File Amicus Curie Brief–#7

13    JUDGE GEORGE ASSAD, et al.,     )       Motion to Dismiss–#10

                                  )       Motion to Dismiss–#11)

14           Defendants.      )

                                  )

15

16          Before the Court is Defendant Judge George Assad' **Motion to Dismiss** (#5), filed

17 July 21, 2005. The Court has also considered Plaintiff's Opposition (#8), filed August 12, 2005,

18 and Defendant Judge George Assad's Reply (#12), filed August 29, 2005.

19          Also before the Court is American Civil Liberties Union of Nevada's (ACLUN)

20 **Request to File Amicus Curie Brief in Support of Plaintiff** (#7), filed August 12, 2005.

21          Also before the Court is Defendant Saavedera's **Motion to Dismiss** (#10), filed

22 August 22, 2005. The Court has also considered Plaintiff's Opposition (#15), filed September 16,

23 2005, and Defendant Saavedera's Reply (#18), filed September 29, 2005.

24          Also before the Court is Defendant City of Las Vegas' **Motion to Dismiss** (#11),

25 filed August 23, 2005. The Court has also considered Plaintiff's Opposition (#17), filed

26 September 26, 2005, and Defendant City of Las Vegas' Reply (#19), filed October 21, 2005.

AO 72
(Rev. 8/82)

1    The Court has also taken under consideration those arguments presented by counsel

2    at the hearing on Defendants' Motions to Dismiss, held February 13, 2006.

3                                    **BACKGROUND**

4    On March 31, 2003, Plaintiff alleges she appeared on behalf of her boyfriend, Josh

5    Madera, to request a continuance on a traffic citation pending before Judge Assad.  Plaintiff

6    alleges she informed the judge that Mr. Madera could not be present because he was starting a new

7    job.  Plaintiff alleges Judge Assad informed her that her boyfriend had called earlier and had

8    threatened a Municipal Court employee with bodily harm.  Plaintiff alleges Judge Assad "then told

9    the Plaintiff that she would be held in custody until Mr. Madera came to Court."  Plaintiff  alleges

10   that Marshal Saavedera handcuffed her and detained her for two hours.  Marshal Saavedera had

11   Plaintiff call Mr. Madera.  The Marshal told Mr. Madera he had better get down to court.  Plaintiff

12   alleges she was held in custody from approximately 3:30 p.m. until 5:45 p.m. and was unable to

13   call and inform her employer concerning her predicament.

14   On March 25, 2005, Plaintiff filed his Civil Rights complaint in federal court

15   against Judge George Assad, City Marshal R. S. Saavedera, and the City of Las Vegas, alleging the

16   following claims: (1) conspiracy under 42 U.S.C. Section 1983, (2) Section 1983 violations, and

17   (3) various pendant tort claims, including assault, battery, false imprisonment, false arrest, civil

18   extortion, and negligent hiring and supervision.

19                                    **DISCUSSION**

20   **I. Legal Standard for Motion to Dismiss**

21   Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a court may

22   dismiss a complaint for "failure to state a claim upon which relief can be granted."  "[A] complaint

23   should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff

24   can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v.*

25   *Gibson*, 355 U.S. 41, 45-46 (1957); *see also Yamaguchi v. U.S. Dept. of the Air Force*, 109 F.3d

26   1475, 1481 (9th Cir. 1997).  All factual allegations set forth in the complaint "are taken as true and

AO 72
(Rev. 8/82)

1   construed in the light most favorable to [p]laintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136,

2   1140 (9th Cir. 1999).  Dismissal is appropriate "only if it is clear that no relief could be granted

3   under any set of facts that could be proven consistent with the allegations.*" Hishon v. King &*

4   *Spalding*, 467 U.S. 69, 73 (1984); *see also McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th

5   Cir. 1988).

6   **II.  42 U.S.C. § 1983**

7           "To state a claim under § 1983, a plaintiff must allege the violation of a right

8   secured by the Constitution and the laws of the United States, and must show that the alleged

9   deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42,

10  48-49 (1988).  Liability under § 1983 may be imposed on local governments only when their

11  policies or customs cause their employees to violate another's constitutional rights.  *Monell v. New*

12  *York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978).

13          Where a Plaintiff has stated a valid cause of action under § 1983,  "[g]overnment

14  officials sued in their individual capacities under § 1983 may raise the affirmative defense of

15  qualified or absolute immunity.  Qualified immunity generally protects government officials in the

16  course of performing the discretionary duties of their offices." *Butler v. Elle*, 281 F.3d 1014, 1021

17  (9th Cir. 2002) (citing to *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

18  **III. Defendant Judge George Assad's Motion to Dismiss**

19          Judges possess a "sweeping form of immunity" for all acts performed that relate to

20  the "judicial process." *Forrester v. White*, 484 U.S. 219, 225 (1988).  "'A judge will not be

21  deprived of immunity because the action he took was in error, was done maliciously, or was in

22  excess of his authority . . . .'" *Sadoski v. Mosley*, - - - F.3d - - -, 2006 WL 163316, at \*2 (9th Cir.

23  2006) (citation omitted).  A judge, however, forfeits his immunity when he acts in "clear absence

24  of all jurisdiction." *Mullis v. U.S. Bankruptcy Court for the District of Nevada*, 828 F.2d 1385,

25  1389 (9th Cir. 1987).  The Ninth Circuit has outlined the following four factors to determine

26  whether a particular act is judicial in nature and thus subject to immunity: (1) whether the precise

AO 72
(Rev. 8/82)

1  act is a normal judicial function; (2) whether the events occurred in the judge's chambers; (3)

2  whether the controversy centered around the case then pending before the judge; (4) whether the

3  events at issue arose directly and immediately out of a confrontation with the judge in his or her

4  official capacity. *Meeks v. County of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999).  Furthermore,

5  the doctrine of judicial immunity applies to both the State and Federal judicial systems. *Mirin v.*

6  *Justice of the Supreme Court of Nevada*, 415 F. Supp. 1178, 1190 (D. Nev. 1976); *State v. Second*

7  *Judicial Dist. Court*, 55 P.3d 420, 423-424 (Nev. 2003) (Nevada Supreme Court recognizing

8  common law doctrine judicial immunity).

9         Defendant Judge George Assad argues that all the claims against him in his

10  individual capacity[1] should be dismissed for failure to state a claim because absolute immunity

11  precludes the federal and state claims.  Defendant Judge George Assad argues that: (1) the act of

12  taking an individual into custody due to contempt is a judicial function; (2) the event occurred

13  inside the courtroom while court was in session; (3) Plaintiff placed herself at issue in a case

14  pending before Judge Assad; and (4) the allegations arise out of a confrontation between Plaintiff

15  and Judge Assad while he was sitting on the bench acting in his official capacity.  Defendant Judge

16  George Assad argues that any alleged conspiratorial objectives do not undermine absolute

17  immunity.  *See Moore v. Brewster*, 96 F.3d 1240, 1244 (9th Cir. 1996), *cert. denied*, 519 U.S. 118

18  (1997).

19         Plaintiff argues that absolute immunity does not apply because Defendant Judge

20  George Assad was acting in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S.

21  349 (1978); *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir.1988) ("A judge loses absolute

22  immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not

23  judicial in nature").  Plaintiff argues that Defendant Judge George Assad had no jurisdiction over

24  her because she was not a defendant in the case before him, was not in contempt of court, nor was

25  _____

26         [1] Plaintiff concedes that Defendant Judge George Assad has Eleventh Amendment
immunity in his official capacity.

AO 72
(Rev. 8/82)

1  she disruptive.  Plaintiff argues that Defendant Judge George Assad was trying to punish the

2  alleged telephone threats of Mr. Madera.  Plaintiff further argues that Defendant Judge George

3  Assad was not acting in a judicial capacity but in an administrative capacity enforcing the rules of

4  decorum and etiquette.

5          The Court finds Plaintiff's arguments unavailing.  The act of placing someone in

6  custody is indisputably a normal judicial function.  Further, Plaintiff presented herself in lieu of

7  her boyfriend in front of Defendant Judge George Assad in his courtroom for the purpose of a

8  judicial proceeding then pending before Defendant Judge George Assad, thereby placing herself in

9  the jurisdiction of the court.  Even assuming that Defendant Judge George Assad acted in excess

10  of his authority by holding Plaintiff in custody for the alleged acts of her boyfriend, absolute

11  immunity is not defeated.  *Sadoski*, 2006 WL 163316, at *2 (judge acting in excess of authority

12  not deprived of immunity).  Accordingly, Defendant Judge George Assad's Motion to Dismiss will

13  be granted.

14  **V. ACLU of Nevada's Request to File Amicus Curie Brief**

15          ACLUN requests that it be permitted to file an amicus curie brief in support of

16  Plaintiff.  The Court will grant the request.

17  **V. Defendant Saavedera's Motion to Dismiss**

18          A municipal court officer who acts at the direction of a judge to whom he or she is

19  immediately and directly responsible, is entitled to quasi-judicial immunity.  *Gillibeau v. City of*

20  *Richmond,*  417 F.2d 426, 429 (9th Cir. 1969).

21          Defendant Saavedera argues that he is entitled to absolute quasi-judicial immunity

22  because as a Marshal he was carrying out the municipal judge's directives, and thus all federal and

23  state claims against him in his individual capacity should be dismissed.  Defendant Saavedera also

24  argues that any official capacity claims against him should be dismissed as redundant since an

25  official capacity claim is the same as a claim against the City of Las Vegas, which has also been

26  named as a defendant in the present suit.

AO 72
(Rev. 8/82)

1           Plaintiff argues that Defendant Saavedera is not immune because neither Defendant

2    Judge George Assad nor Defendant Saavedera had a right to handcuff Plaintiff and lock her in a

3    cell for over two hours.  Plaintiff further argues for the first time that Defendant Judge George

4    Assad has subsequently asserted that he never intended Plaintiff to be handcuffed and placed in a

5    cell.

6           Taking as true the factual allegations contained in the complaint, the Court finds

7    that Defendant Saavedera was acting within his capacity as a Marshal by handcuffing and taking

8    Plaintiff to a holding cell in compliance with the judge's order to hold Plaintiff in "custody until

9    Mr. Madera came to Court."  The Court notes that Plaintiff does not dispute that a Marshal is

10   acting within his capacity when, pursuant to a court order, he takes an individual into custody by

11   handcuffing and placing that individual in a holding cell.  Rather, Plaintiff contends that such

12   action was unwarranted and unnecessary in this case. That contention alone, however, is

13   insufficient to preclude the application of quasi-judicial immunity.  Therefore, in light of our

14   decision above that Defendant Judge George Assad is entitled to absolute judicial immunity,

15   Defendant Saavedera is also entitled to the protection of quasi-judicial immunity for carrying out

16   the judge's orders in his capacity as a Marshal.  Accordingly, Defendant Saavedera's Motion to

17   Dismiss will be granted.

18   **VI. Defendant City of Las Vegas' Motion to Dismiss**

19          Defendant City of Las Vegas argues that the Section 1983 claims against it should

20   be dismissed because Plaintiff has failed to allege a constitutional violation.  Plaintiff's claims

21   against Defendant City of Las Vegas are based on an alleged failure to investigate complaints

22   against Court Marshals and failure to supervise and train Court Marshals.  However, Defendant

23   City of Las Vegas argues that in this instance the Court Marshal, Defendant Saavedera, was acting

24   at the direction of a Municipal Judge, Defendant Judge George Assad.  Defendant City of Las

25   Vegas thus argues that Plaintiff has failed to allege a constitutional violation because it is not

26   required to instruct Marshals to ignore their basic duty of following the orders of the presiding

AO 72
(Rev. 8/82)

1   judge.  Plaintiff claims, however, that Defendant City of Las Vegas' is liable under Section 1983

2   for its policy of allowing its Marshals to retaliate against "adversaries" of the department.

3          The Court finds that Plaintiff has failed to identify any inferred or informal policies,

4   procedures, or customs promulgated by Defendant City of Las Vegas that caused its court officers

5   to violate the Plaintiff's constitutional rights.  To the extent that Plaintiff assert that Defendant

6   Saavedera's actions themselves illustrate a policy of constitutional violation, the Court notes that

7   (1) there is no respondeat superior liability under § 1983, *See Monell*, 436 U.S. at 691; and (2) a

8   Plaintiff cannot establish the existence of a policy, procedure, or custom on the basis of a single

9   incident involving non-policymaking employees, *See Nadell v. Las Vegas Metro. Police Dept.*,

10  268 F.3d 924, 929 (9th Cir. 2001).  Accordingly, Plaintiff has failed to provide any evidence that

11  Defendant City of Las Vegas employs an informal policy, procedure, or custom that caused its

12  court officers to violate the constitutional rights of Plaintiff, and therefore, the Section 1983 claim

13  against it will be dismissed.

14          Plaintiff further argues that Defendant City of Las Vegas is liable under respondeat

15  superior for the state law claims alleged against Defendant Saavedera in his official capacity.  The

16  Court notes, however, that it has dismissed all of the Section 1983 claims brought against

17  Defendants.  Accordingly, the Court declines pendant jurisdiction and dismisses the state law

18  claims asserted against Defendant City of Las Vegas without prejudice.

19                              **CONCLUSION**

20          Accordingly, and for good cause appearing,

21          IT IS HEREBY ORDERED that Defendant Judge George Assad' **Motion to**

22  **Dismiss** (#5) is GRANTED.

23          IT IS FURTHER ORDERED that ACLU of Nevada's (ACLUN) **Request to File**

24  **and Amicus Curie Brief in Support of Plaintiff** (#7) is GRANTED.

25          IT IS FURTHER ORDERED that Defendant Saavedera's **Motion to Dismiss** (#10)

26  is GRANTED.

1    IT IS FURTHER ORDERED that Defendant City of Las Vegas' **Motion to**

2  **Dismiss** (#11) is GRANTED in part and DENIED in part as follows:

3         1. the Motion is granted as to the Section 1983 claims against Defendant City of

4         Las Vegas, and

5         2. the Motion is denied as to the state law claims.  Instead, the Court declines

6         pendant jurisdiction over Plaintiff's state law claims and dismisses those claims

7         without prejudice.

8

9    Dated: February 13, 2006.

10

11   _____

12   ROGER L. HUNT
     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

AO 72
(Rev. 8/82)